66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James R. WOOLERY, Plaintiff-Appellant,
v.
A.J. ARAVE, Warden, Idaho Maximum Security Institution,
Defendant-Appellee.
 No. 94-36245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 James A. Woolery, an Idaho state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and we affirm.[1]
 
 
 4
 On January 31, 1987, Woolery ran a stop light and hit another vehicle, killing one occupant and severely injuring the other. Woolery, who suffered minor injuries, was taken to a hospital by ambulance. A deputy sheriff present at the scene of the accident followed Woolery to the hospital and requested that the emergency room doctor take a blood sample, which revealed that Woolery had a blood alcohol content of .16 percent. Woolery was not under arrest at this time.
 
 
 5
 At a pretrial hearing, Woolery argued that the blood sample should be suppressed because it was illegally seized. After a jury convicted Woolery of vehicular manslaughter and aggravated driving under the influence,[2] he appealed his conviction, contending that the blood sample should not have been admitted at trial. The Idaho Supreme Court, in a published decision, held that Woolery's Fourth Amendment rights were not violated and affirmed Woolery's conviction. State v. Woolery, 116 Idaho 368 (1989).
 
 
 6
 A Fourth Amendment claim is not cognizable in a federal habeas proceeding if a petitioner has had a full and fair opportunity to litigate the claim in state court. Stone v. Powell, 428 U.S. 465, 482 (1976). The relevant inquiry is whether the petitioner was afforded a full and fair hearing, not whether the state court reached a correct resolution. See Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir.1994) (defendant had a full and fair opportunity where he made his Fourth Amendment argument in both state trial and appellate courts), cert. denied, 115 S.Ct. 1175 (1995).
 
 
 7
 Here, Woolery concedes that Idaho has a procedural mechanism for challenging Fourth Amendment violations, and that he availed himself of this procedure to challenge the seizure of his blood. His sole contention on appeal is that he was not given a "full and fair opportunity" to litigate his claim because the Idaho Supreme Court did not follow United States v. Harvey, 701 F.2d 800 (1983), which required that police arrest a suspect prior to taking a blood sample. Because United States v. Chapel, 55 F.3d 1416, 1418-19 (9th Cir.1995), overruled Harvey, we need not address Woolery's argument that the Idaho Supreme Court did not afford him a "full and fair opportunity" when it failed to follow Harvey. Accordingly, we affirm the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Woolery v. Arave, 8 F.3d 1325 (9th Cir.1993), cert. denied, 114 S.Ct. 1623 (1994), this court reversed the district court's grant of habeas relief and remanded Woolery's case to the district court "to afford Woolery the opportunity to show that the state court did not offer him a full and fair opportunity to litigate his Fourth Amendment claim," id. at 1364
 
 
 [2]
 Woolery pleaded guilty to being a persistent violator